[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The substituted plaintiff, Diversified Financial Systems, Inc., brings this action to foreclose a second mortgage on defendants' property known as 23 Haystack Circle, Waterbury, Connecticut.
In response, defendants filed an answer, Special Defenses and a three count counterclaim seeking both compensatory and punitive damages.
In their answer, defendants admit that they executed a promissory note for Fifty Thousand dollars in favor of Citytrust, CT Page 4824 on July 17, 1986, and that they secured it with a mortgage encumbering their 23 Haystack Circle property. They also admit to executing a new promissory note in favor of Citytrust, on or about October 7, 1986, in the amount of Sixty-five five Thousand dollars, and to executing a mortgage modification agreement changing the amount of the loan secured by the mortgage from Fifty Thousand to Sixty-five Thousand. However, they deny the remaining allegations of plaintiff's complaint.
As Special Defense, defendants plead Discharge of Mortgage; Breach of Duty of Good Faith and Fair Dealing; CUTPA violation; and that the action is barred by a statute of limitations. Their Counterclaim mirrors their special defenses sans the statute of limitations claim. In other words, the first count of their counterclaim alleges Breach of Duty of Good Faith and Fair Dealing; their second, a CUTPA violation; and their third and final count, Discharge of mortgage.
Issue was joined and the matter was tried to the court. At trial the court heard the testimony of two witnesses, the defendant, William Hanson, Jr. and a Vice President of the plaintiff, Robert Grauer, whose function includes overseeing the collection of all of plaintiff's accounts.
From the evidence, the court finds the material allegations of the plaintiff's complaint proved by a preponderance of the evidence. The defendants, however, were unable to present any credible evidence in support of their special defenses or counterclaim, although they did attempt an offer which was ruled inadmissible. Consequently, the court also finds the issues for the plaintiff on defendants' counterclaim. Additionally, defendants' statute of limitations claim fails as a result of the following findings.
The note at issue is a demand note dated September 16, 1986, toward which the defendants made their last payment on or about November 7, 1991. Prior thereto, on August 2, 1991, the FDIC was appointed Receiver of the Bank and on October 11, 1996, due to the defendants' delinquency, the debt was accelerated, and demand was made. The instant action was commenced on November 24, 1996. Pursuant to Conn. Gen. Statutes § 42a-3-118(b) suit may be brought within six years of demand. Clearly, this action was brought well within the six year period and is therefore timely. In proving the allegations of its complaint and its right to foreclose the mortgage, the plaintiffs proved, inter alia, that on or about January 13, 1999, the note in question was endorsed CT Page 4825 and the mortgage was assigned by plaintiff's predecessor in interest, Diversified Coolidge Equities, L.P., to the present plaintiff, Diversified Financial Systems, Inc.; that the last payment made by the defendants on the mortgage indebtedness was a payment of $100.00 made on or about November 7, 1991; that no other payments were made to EDIC, Diversified Coolidge Equities, L.P. or the present plaintiff; that the present principal balance of the debt due and owing the plaintiff is $5,888.55; that interest accrued on said debt at the rate of 8.75% per annum and that said rate was a fixed rate and a reasonable rate under all of the circumstances.
As indicated by the plaintiff in its memorandum of November 13, 199% regarding the calculation of interest on the principal balance of the mortgage, "Citytrust and the defendants agreed upon the rate of 2.75% above the Citytrust prime rate." "However upon the failure of Citytrust, each holder of the note was required to utilize a substitute interest rate, which rate was required to be reasonable."
Towards that end, at trial, "the Plaintiff established through Robert Grauer, his familiarity with variable interest rates during the time period in question and his extensive knowledge of the banking and loan industry. In addition, a compilation prepared by the Plaintiff, marked as Plaintiff's Exhibit M, fully and adequately set forth the prime rate fluctuations from 1980 through August, 1999. Further, Mr. Grauer testified that a flat interest rate of 8.75% was used to calculate interest on the subject Note, by the EDIC as Receiver for Citytrust, by Diversified Coolidge Equities, L.P. and by the Plaintiff. At no time during the period in question was 8.75% more than 2.75% points above the prime rate . . . And that the rate utilized by the Plaintiff and its predecessor represents a lower interest rate than that called for in the Note, in that Citytrust would have utilized at minimum the prime rates reflected on Exhibit M and added an additional 2.75% points above that rate."
The court finds that interest at the rate of 8.75% accrued on the principal debt of $5,888.55 from November 7, 1991, the date of defendants' last payment, to March 15, 2000. The court calculates that interest to be $4,304.81 and the sum total of both interest and principal to be $10,193.36, and so finds.
The court further finds, pursuant to the parties stipulation, the fair market value of the subject property to be $93,000.00, and grants plaintiff's motion for judgment of foreclosure by CT Page 4826 sale.
Inasmuch as plaintiff waived any and all late fees at trial, none are awarded, although, after receiving plaintiff's attorneys fees affidavit and considering the hourly rate charged, the amount of time expended on the matter, the legal research and acumen required to successfully prosecute same, and the amount of the debt, the court awards plaintiff $7,500.00 as attorneys fees. The court also awards the sum of $150.00 for the title search and the reasonable, sum of $500.00 for the appraisal and update.
In accord with the foregoing, judgment of foreclosure by sale enters together with statutory costs of same.
The parties are directed to return to Courtroom 5 at 300 Grand Street, in Waterbury, on Monday, May 1, 2000, at two o'clock in the afternoon to be heard regarding the determination of a sale day, and such other matters as may be reasonably necessary to effectuate the judgment.
THOMAS G. WEST, J.